## In re CHARLES WACKER CO.

(District Court, D. Maryland. August 6, 1917.)

SALES ☞1(4), 10(4)—UNCERTAINTY AND LACK OF MUTUALITY—PRICE GUARANTY.

A contract whereby a canner of tomatoes agreed to deliver in the succeeding packing season tomatoes to be packed therein, which contract guaranteed prices against decline of specified reliable packs of standard tomatoes to date of shipment, was not so uncertain and lacking in mutuality on account of the price guaranty clause that it was unenforceable and void.

In Bankruptcy. In the matter of the Charles Wacker Company. On review of an order of the referee ruling that a provision of the bankrupt's contracts with claimants was so uncertain and lacking in mutuality that the contract was unenforceable and void. Order reversed, and claims allowed.

Alexander Hardcastle, Jr., and Bartlett, Poe & Claggett, all of Baltimore, Md., for claimants.

Richard S. Culbreth, of Baltimore, Md., for trustee.

ROSE, District Judge. The bankrupt was a canner of tomatoes. It, and many others in similar lines of business in Baltimore and vicinity, had been in the habit in the winter and early spring of entering into contracts to deliver in the succeeding packing season tomatoes to be packed therein.

In the first quarter of 1916 the bankrupt made such contracts with the claimants. It did not perform any of them and on or before the 8th day of November, 1916, and after the close of the packing season, notified each and every one of the claimants that it would not be able to make any deliveries. The price of tomatoes had risen steadily from the time the contracts were signed until they were broken. The aggregate damage suffered by the claimants by their breach was between $20,000 and $25,000. Each of them contained the following clause:

"Prices guaranteed against decline of the following reliable packs of standard tomatoes to date of shipment: Roberts Bros.' Big R. Brand; Langrall's Maryland Chief brand; McGrath's Champion brand; Foote's Compass brand; Numsen's Clipper brand; Schall's Terrapin brand; Torsch's Peerless brand; Booth's Oval brand."

The trustee says that this provision was so uncertain and so lacking in mutuality that any attempted contract of which it formed a part was unenforceable and void.

The referee so holding, the claimants have brought his ruling here for review.

The trustee and the learned referee rely upon Gelston v. Sigmund, 27 Md. 334; Parks v. Griffith & Boyd Co., 123 Md. 233, 91 Atl. 581; United Press v. N. Y. Press Co., 164 N. Y. 406, 58 N. E. 527, 53 L. R. A. 288; Stout v. Hardware Co., 131 Mo. App. 520, 110 S. W. 619. These cases are easily distinguishable from the one at bar. In

some of them one of the parties reserved to himself the right to alter the contract. Such an agreement is obviously lacking in mutuality. In others as in Stout v. Hardware Co., supra, the court thought the method of price determination provided for was so difficult and uncertain that the contract was unenforceable.

In the contracts before the court neither party retained any power to alter any of the terms. There is no legal and not much practical difficulty in ascertaining whether there was during the packing season any decline in the price of any of the eight brands mentioned and, if so, how much.

In many lines it is necessary, or at all events highly expedient to contract for goods months before they are to be delivered. Under such circumstances the seller frequently guarantees to protect the buyer against a decline in the price of some leading producer or producers. Many millions of dollars of business are annually done under contracts containing such guaranties. There is nothing immoral in them nor are they contrary to any public policy. Business men have use for them, and the courts should sustain them if legally possible. Under the facts here presented there is no difficulty in so doing. The order of the referee must be reversed, and the claims allowed.